**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **SEFERINO ROJAS-ALVARADO,** | : | CIV. ACTION NO. 16-3460(RMB) |
| Petitioner, | : | |
| v. | : | MEMORANDUM AND ORDER |
| **WARDEN JORDAN HOLLINGSWORTH,** | : | |
| Respondent. | : | |

On June 15, 2016, Petitioner, an inmate in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI_Fort Dix") submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking reconsideration of his administrative remedy appeals regarding his prison disciplinary sanction, which resulted in loss of good time credit and other sanctions. (Pet., ECF No. 1, ¶1.)

Petitioner failed to use this Court's form application for habeas relief under 28 U.S.C. § 2241, which is required by Local Civil Rule 81.2(a). Furthermore, he failed to either pay the $5.00 filing fee or submit an application to proceed in forma pauperis ("IFP") as required by Local Civil Rule 81.2(b). Therefore, the Court will administratively terminate this action.

1

Petitioner should be aware that prior to bringing a petition under 28 U.S.C. § 2241, a prisoner must exhaust his administrative remedies, which it appears Petitioner has done here. (Pet., ¶2.) After the prisoner's administrative remedy appeals are final, he need not seek reconsideration of his administrative remedies, he may directly seek restoration of his good time credits by Court order pursuant to 28 U.S.C. § 2241. See Macia v. Williamson, 219 F. App'x 229, 232 (3d Cir. 2007)(a prisoner may challenge the execution of his sentence by challenging a prison disciplinary proceeding that resulted in loss of good time credits.)

Petitioner should know that although he may seek restoration his good time credits under 28 U.S.C. § 2241, the additional relief that he seeks, that all sanctions be vacated and expunged, is not available under § 2241. See Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172, 175 (3d Cir. 2007)(claims for loss of phone and visitation privileges do not affect the execution of a criminal sentence and are not cognizable under § 2241); Levi v. Holt, 192 F. App'x 158, 160 (3d Cir. 2006)("[w]hile the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline")(citations omitted).

IT IS therefore on this **22nd** day of **June 2016,**

**ORDERED** that the Clerk shall administratively terminate this action for failure to use this Court's form petition, and failure to pay the filing fee or submit a properly completed IFP application; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank form Application to Proceed In Forma Pauperis in a Habeas Corpus Case (DNJ-Pro-Se-007-B-(Rev. 09/09); and a blank form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; and it is further

**ORDERED** that, if Petitioner wishes to reopen this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, N.J. 08101; Petitioner's writing shall include either: (1) a complete <u>in forma pauperis</u> application, including a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b); or (2) the $5 filing fee; and (3) the completed form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail, and close this case accordingly.

s/RENÉE MARIE BUMB_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**
