**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| SEFERINO ROJAS-ALVARADO, | : : : : | Civ. Action No. 16-3460 (RMB) |
| Petitioner | : : |  |
| v. | : : : | OPINION |
| WARDEN JORDAN HOLLINGWORTH, | : : |  |
| Respondent | : : |  |

**BUMB**, District Judge

    Petitioner, Seferino Rojas-Alvarado, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition and an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") imposition of sanctions upon a finding that Petitioner committed a "Prohibited Act" of stealing. (Am. Pet., ECF No. 6 at 2-4.) Respondent filed a response, opposing habeas relief. (Response, ECF No. 8.) In reply, Petitioner submitted a copy of his Central Office Administrative Remedy Appeal and the response thereto. (Reply, ECF No. 10.) The parties agree that Petitioner exhausted his administrative remedies.

I.   BACKGROUND

On May 30, 2015, while incarcerated in FCI Fort Dix, in Fort, Dix New Jersey, Petitioner was issued an incident report for violating Code 219, Stealing. (Declaration of Tara Moran ("Moran Decl.") Ex. 4, ECF No. 8-1 at 14.) The reporting officer wrote:

> At 11:20 A.M. during mainline lunch while outside the front entrance of Food Services 5730 I observed Inmate Rojas 12851-023 trying to sneak by the staff members that were conducting pat searches with bulges under his clothes. Inmate Rojas had the following food items in his possession: 2 pounds of bran flakes ($1.58), 10 bagels ($1.20), 1 banana (.08) and 8 breaded fish squares ($2.24) for a total of $5.10.

(Id.) Petitioner received the incident report at 7:30 p.m. that same day. (Id.) The investigating officer spoke with Petitioner, who responded "I was hungry." (Id.)

An initial hearing was held before the Unit Discipline Committee on June 1, 2015. (Id.) Again, Petitioner said he took the items because he was hungry. (Id. at 15.) Due to the seriousness of the charge, the UDC referred the incident report to a Discipline Hearing Officer ("DHO.") (Id. at 14.)

Petitioner was advised of his rights before the DHO. (Moran Decl., Exs. 5, 6, ECF No. 8-1 at 17-19.) The DHO hearing was held on July 9, 2015. (Id., Ex. 8, ECF No. 8-1 at 23-25.) Petitioner was read his rights and waived his right to a staff member representative. (Moran Decl., Ex. 8, ECF No. 8-1 at 23.) Petitioner

2

admitted taking the food for himself. (Moran Decl., Ex. 8, ECF No. 8-1 at 23). The DHO also considered a photo of the confiscated bagels and banana. (Id. at 24.)

The DHO concluded that Petitioner committed the Prohibited Act of Stealing, Code 219, based on the incident report and Petitioner's statement at the hearing. (Id.) Petitioner was sanctioned with a disallowance of 27 days of good conduct time and the loss of 60 days of visiting privileges. (Id.) The DHO report was delivered to Petitioner on August 11, 2015. (Id.)

II. THE AMENDED PETITION AND RESPONSE

A. The Amended Petition

Petitioner alleges that he worked at the dishwashing station in the Food Services Department at FCI Fort Dix at the time in question. (Am. Pet., ECF No. 6, ¶4.) Daily, he witnessed "tons" of food thrown away. (Id.) When inmates returned food trays to Petitioner with apparently untouched food, Petitioner took it to his Housing Unit for himself and others to eat later. (Id., ¶5.) Petitioner was caught taking food out of Food Services on May 30, 2015 and received an incident report. (Id., ¶6.) Petitioner claims that taking discarded food is not stealing. (Id., ¶7.) This is Petitioner's only challenge to the disciplinary hearing and sanctions.

B.  The Response

Respondent contends that because there is at least "some evidence" that Petitioner took items from the Dining Hall without prior permission, the DHO's decision must be upheld. (Response, ECF No. 8 at 10.) The evidence showed Petitioner had bagels, a banana, fish fillets and bran flakes concealed on his person. (Id. at 12.) Petitioner admitted taking the food because he was hungry. (Id.) Petitioner did not, at any time during the disciplinary hearing process, claim that he was taking items discarded by other inmates. (Id.) Respondents contend that if a prisoner takes food from the dining facility without permission, it is stealing. (Id. at 13.) Respondents maintain that the sanctions imposed were consistent with the severity level of the prohibited act, as outlined in 28 CFR § 541.3. (Response, ECF No. 8 at 14-15.)

II.  DISCUSSION

A.  Legal Standard

28 U.S.C. § 2241 provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
>  . . .
>
>  (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . .

4

Prisoners have a protected due process liberty interest in earned good conduct time. Wolff v. McDonnell, 418 U.S. 539 (1974); see Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("Where a prisoner has a liberty interest in good time credits, the loss of such credits threatens his prospective freedom from confinement by extending the length of imprisonment.") The Supreme Court described five elements of procedural due process required for prison disciplinary hearings where an inmate is sanctioned with loss of good conduct time: (1) written notice of the charged misconduct at least 24-hours in advance of the hearing; (2) an impartial hearing body; (3) opportunity to present witnesses and documentary evidence; (4) assistance for illiterate inmates or in complex cases; and (5) a written statement of the evidence relied upon and the reasons for the sanction. Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974).

The decision of the DHO must be upheld if there is "some evidence" to support it. Hill, 472 U.S. at 454 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Code 219, Stealing, is a high severity level prohibited act described as, "Stealing; theft (including data obtained through the unauthorized use of a communications device, or through

5

unauthorized access to disks, tapes, or computer printouts or other automated equipment on which data is stored)." 28 CFR § 541.3, Table 1.

B.  Analysis

Petitioner was caught leaving Food Services with food concealed on his person. He admitted taking it because he was hungry. At the DHO hearing, he did not testify that the food he possessed had been discarded by other inmates. Even if the food was discarded before Petitioner tried to take it from Food Services to his Housing Unit, in the heavily regulated setting of a prison, discarded food does not belong to any inmate who can sneak it out of the dining area. See Menas v. O'Brien, No. Civ.A. 7:06-CV-00026, 2006 WL 1457744 at *5 (W.D. Va. May 23, 2006) (upholding prison disciplinary sanction for stealing where prisoner was caught taking discarded food from Food Services without permission.) There is some evidence supporting the DHO's decision that Petitioner stole food from Food Services on May 30, 2015.

III. CONCLUSION

For the reasons discussed above, the Court denies Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

<u>s/Renée Marie Bumb</u>
**Renée Marie Bumb**
**United States District Judge**

Dated: <u> August 8, 2018</u>